IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| LESLIE B. HAYDEN, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 05-1732-HO |
| v. | ) | ORDER |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for social security disability. Plaintiff asserts disability beginning September 10, 2000, due to peripheral neuropathy, lower back injury, ringing in ears, arthritis, and diabetes. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) omitting impairments from his finding of plaintiff's severe impairments; (2) failing to undertake the equivalence evaluation mandated by 20 C.F.R. § 404.1526; and (3) determining that plaintiff could return to past relevant work as a janitor.

### 1.   Severe Impairments

At step two of the disability inquiry, the ALJ must consider the combined effect of all of the plaintiff's impairments on his ability to function, without regard to whether each alone was sufficiently severe.   See 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991); Social Security Ruling 868 ("SSR 86-8").   See also SSR 85-28.   Also, she is required to consider plaintiff's subjective symptoms, such as pain or fatigue, in determining severity.   SSR 88-13; 20 C.F.R. § 404.1529(d)(2)(effective 11/14/91) (adopting SSR 88-13).   The step-two inquiry is a de minimis screening device to dispose of groundless claims.   Bowen v. Yuckert, 482 U.S. at 153-54, 107 S.Ct. at 2297-98.   An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work."   See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)(adopting SSR 85-28).

The ALJ assessed plaintiff's severe impairments as degenerative disc disease and lower extremity peripheral neuropathy.   Tr. 19, 25.

2 - ORDER

Plaintiff contends that the ALJ erred in failing to find plaintiff's impairments of hypertension, gastrointestinal reflux disease, non-insulin dependant diabetes, sleep apnea, obesity, vertigo, balance difficulties, bilateral tinnitus, bilateral knee and shoulder pain, psoriasis, and memory difficulties severe.

While plaintiff points to evidence in the record where medical providers classify his hypertension as severe, the ALJ properly found no evidence to support that the condition caused any functional limitations. Indeed, the record supports a finding that plaintiff's hypertension was under good control. See, e.g., Tr. 162 (as of May 5, 2003, hypertension is under good control); Tr. 161 (as of plaintiff's date last insured, June 30, 2003, no symptoms).

Plaintiff notes that his gastrointestinal reflux disease has consistently required medication and has at times caused sharp chest pains mimicking a myocardial infarction. Still plaintiff provides no record support for any work related limitations caused by gastrointestinal reflux disease. The record demonstrates that plaintiff's gastrointestinal reflux disease was well controlled. See, e.g., Tr. 163, 171.

Plaintiff notes that his peripheral neuropathy is attributed to his diabetes. Other than limitations due to the peripheral neuropathy, there is no record support for other work related limitations due to diabetes. The ALJ accounted for peripheral neuropathy.

3 - ORDER

Although plaintiff notes that a continuous positive airway pressure machine was prescribed for his sleep apnea, the record does not demonstrate any work related limitations, but does demonstrate that plaintiff failed to follow treatment directives to use the machine. Tr. 171, 184, 196. Indeed, the ALJ did not err in concluding that the record does not demonstrate work related limitations for any of the asserted severe limitations such as obesity, tinnitus, vertigo, etc.

Plaintiff also contends that the ALJ failed to consider the combined effect of all of the asserted limitations. However, the ALJ summarized the medical record and plaintiff's assertions and appropriately found a lack substantial support for work related limitations. Plaintiff's argument amounts to an implied assertion that the ALJ improperly discredited plaintiff's testimony. However, the ALJ provided clear and convincing reasons for rejecting plaintiff's symptom allegations to the extent alleged. See, e.g., Tr. 23.

## 2. Equivalence Evaluation

Plaintiff contends that the ALJ failed to undertake the equivalency analysis mandated at step three of the sequential evaluation.

At step three of the sequential evaluation process, the ALJ determines if a claimant's impairments meets or equals an impairment

4 - ORDER

listed in Appendix 1 to Subpart P of Regulations No. 4. The Listing
of Impairments describes specific impairments of each of the major
body systems "which are considered severe enough to prevent a person
from doing any gainful activity." See 20 C.F.R. § 404.1525. If a
claimant meets or equals a listed impairment he will be found
disabled at this step without further inquiry. See 20 C.F.R. §
404.1520(d).

To meet a listed impairment, a claimant must establish that he
meets each characteristic of a listed impairment relevant to his
claim. To equal a listed impairment, a claimant must establish
symptoms, signs and laboratory findings "at least equal in severity
and duration" to the characteristics of a relevant listed impairment,
or, if a claimant's impairment is not listed, then to the listed
impairment "most like" the claimant's impairment. 20 C.F.R. §
404.1526. Here plaintiff faults the ALJ for "merely stat[ing] that
Hayden's medically determinable impairments did not medically equal
any of the listed impairments." However, plaintiff does not identify
which listing he meets or equals. Moreover, plaintiff relies on his
argument that all of his alleged impairments are severe. The ALJ
adequately explained why the impairments supported by the record did
not meet or equal a listed impairment. See Tr. 19-20; Gonzalez v.
Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (it is unnecessary to
require an ALJ to state why a claimant fails to meet every different
listing).

5 - ORDER

### 3.    Past Relevant Work

Plaintiff argues that the record is incomplete as to whether plaintiff's work as a janitor qualifies as past relevant work. However, the ALJ inquired directly of plaintiff regarding his work history and obtained a description of past work as a janitor with two different employers.    The fact that the earnings record, which triggered the questions, was not made part of the record does not deprive plaintiff of due process.    Plaintiff was given a full and fair opportunity to develop the record regarding his past work as a janitor.    See Tr. 278-79.    Plaintiff's own testimony regarding this past work provided a sufficient basis for the ALJ to make a decision as to whether plaintiff could still perform this work as of the date last insured.

Plaintiff next argues that there is insufficient evidence to support a finding that plaintiff's work as a janitor constituted substantial gainful activity or was performed in the last 15 years. However, plaintiff's testimony established that he performed the work within the past fifteen years of the hearing and certainly within the past fifteen years of the date last insured.    Additionally, the earnings record, along with plaintiff's own testimony, established that the employment as a janitor constituted substantial gainful activity.    Tr. 60, 278; Ex. A attached to Defendant's memo (#13). Although the earnings record was not made part of the record, plaintiff, represented by counsel, did not object to the report.    The

6 - ORDER

ALJ questioned plaintiff about the past work as a janitor and the earnings report, and questioned the vocational expert about the work, as described by plaintiff, and plaintiff did not attempt to dispute the work was past relevant work.

Finally, plaintiff argues that janitorial work is not light, but medium as defined by the dictionary of occupational titles. However, the ALJ relied on plaintiff's own description of the job as actually performed and the vocational expert classified the work as light. See Tr. 291-92.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this ___6th___ day of __OCTOBER__, 2006.

UNITED STATES DISTRICT JUDGE

7 - ORDER